FILED 03 FEB '25 10:38 USDC-ORP

# UNITED STATES DISTRICT COURT

For the

District of Oregon

PORTLAND DIVISION

JESSICA LYNN JOHNSON,

    Plaintiff,

V.

CORPORAL CHASE ROSS,

Tillamook County Sheriff's Department,

Tillamook City Police Department

    Defendants,

Case No: 3:25-cv-181 SB

COMPLAINT
for Violation of Civil Rights

Under 42 U.S.C. 1983 and State Law

**Jury Trial requested**

---

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW

**Plaintiff:**

Jessica Lynn Johnson

3800 12th St. Apt. G254

Tillamook, Oregon 97141

541-921-2650

jljohnson7913@gmail.com

**Defendants:**

Corporal Chase Ross, in their individual and official capacity as an officer of the Tillamook County Sheriffs Department, as well as Officer Neubauer, and Officer Saddler, both from the Tillamook Police Department

---

### Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. 1331 because this action arises under the

   laws of the United States, specifically 42 U.S.C. 1983.
2. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367 because they arise from the same set of facts and events as Plaintiff's federal claims.
3. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) because the events giving rise to this claim occurred in this district.

### Introduction

1. This is a civil rights and tort action arising under 42 U.S.C. 1983 and state law, seeking redress for violations of the Fourth and the Fourteenth Amendments to the United States Constitution and for related state law claims.
2. Plaintiff alleges that Defendant Corporal Chase Ross, acting under color of state law, used excessive force, unlawfully arrested Plaintiff, and violated Plaintiffs rights to due process and equal protection, causing severe physical, emotional, and psychological harm. Plaintiff further alleges malicious prosecution and defamation of character based on false and slanderous statements made in the police report filed by Defendant Corporal Chase Ross.

### Parties

3. Plaintiff, Jessica Lynn Johnson, is a resident of Tillamook, Oregon.
4. Defendant, Corporal Chase Ross is, upon information and belief, a law enforcement officer employed by the Tillamook County Sheriff's Department. At all relevant times, Defendant acted under the color of state law.
5. Defendant, Tillamook County Sheriff's Department is a municipal entity responsible for the policies, practices, and training of its law enforcement officers.

**Factual Allegations**

6. On July 24th, 2024, Plaintiff rented a U-Haul from Alex Cole so I could load my deceased father's personal belongings to take to storage.

7. On August 2nd, 2024, Plaintiffs son parked his car in front of the U-Haul truck to prevent Alex Cole from stealing the U-Haul truck that Plaintiff paid for. Officers arrived and threatened to arrest Plaintiff unless the car was moved.

8. Plaintiff explained that the car did not belong to her so Plaintiff could not move the car, despite this, Defendant Corporal Chase Ross insisted and threatened arrest.

9. Plaintiff turned to walk away, stating, "Do what you got to do then" at which point Defendant Corporal Chase Ross shoved Plaintiff into the U-Haul truck and forcibly handcuffed Plaintiff.

10. Two additional officers arrived and restrained Plaintiff further by pressing Plaintiff to the ground while Plaintiff was compliant and while still handcuffed.

11. Defendant Corporal Chase Ross searched Plaintiffs pockets without consent, ignored Plaintiffs request for a female officer, and used excessive force by smashing Plaintiffs face into the concrete and gravel driveway, while pulling Plaintiffs thumb back towards the wrist, and causing severe injuries all while still handcuffed.

12. Plaintiff was transported to the hospital for medical treatment and later lodged in jail for four days, during which Plaintiff was denied basic rights, including access to make a phone call, had no bible, no television secluded from everyone but the medic, who was putting ointment on Plaintiffs face so it would heal faster.

13. Defendant Corporal Chase Ross knowingly filed a false police report containing defamatory and slanderous statements that misrepresented Plaintiffs actions and character, damaging Plaintiffs reputation.

14. Plaintiffs arrest caused Plaintiff to miss the funeral of Plaintiffs father whom she took care of at home for the previous 15 years before he passed, which was scheduled for August 3rd,

2024. Plaintiffs' family had informed the Sheriff's department of the funeral, yet Plaintiff was denied the opportunity to attend her father's funeral even though it was across from the jail at the Navy Officers Mess Hall, my dad was a Disabled Navy Seal for 13plus years.

15. As a result of the false arrest and detention, Plaintiffs brother who had not been around for 15 years decided to take possession of Plaintiffs fathers ashes, causing further emotional distress.

## Claims for Relief

*Count I: Violation of the Fourth Amendment (Excessive Force)*

16. Defendant Corporal Chase Ross used force that was unreasonable and excessive under the circumstances, in violation of the Fourth Amendment.

17. The excessive force resulted in severe physical injuries, emotional distress, and trauma to Plaintiff.

*Count II: Violation of the Fourth Amendment (Unlawful Arrest)*

18. Defendant Corporal Chase Ross lacked probable cause to arrest Plaintiff, making the arrest unlawful under the fourth Amendment.

19. Plaintiffs subsequent detention exacerbated the harm caused by this violation.

*Count III: Violation of the Fourteenth Amendment (Due Pross and Equal Protection)*

20. Plaintiff was denied due process and equal protection under the Fourteenth Amendment when Plaintiff was unlawfully detained, denied access to basic rights, and prohibited from attending Plaintiffs father's funeral.

21. Defendants actions were discriminatory and malicious, causing unnecessary emotional harm.

*Count IV: Malicious Prosecution (Federal and State Law)*

22. Defendant Corporal Chase Ross initiated criminal proceedings against Plaintiff without probable cause and with malice, intending to harm Plaintiff.

23. The proceedings terminated in Plaintiffs favor when the disorderly conduct 2 charge she was acquitted on and the resisting arrest charge was dismissed by the D.A., making Defendants actions a violation of Plaintiffs rights.

24. As a result, Plaintiff suffered significant emotional distress, reputational harm, and financial losses.

*Count V: Defamation of Character (Slander and Libel) (State Law)*

25. Defendant Corporal Chase Ross knowingly and intentionally made false statements in the police report, alleging actions and conduct by Plaintiff that were untrue.

26. These false statements were made with malice and were published to other officers, prosecutors, and court officials, damaging Plaintiffs reputation.

27. As a result of this defamation, Plaintiff suffered emotional harm, public embarrassment, and damage to Plaintiffs character and standing in the community.

*Count VI: Intentional infliction of Emotional Distress (State Law)*

28. Defendant Corporal Chase Ross engaged in extreme and outrageous conduct by using excessive force, unlawfully arresting Plaintiff, and fabricating false claims.

29. This conduct was intentional or reckless and caused severe emotional distress to Plaintiff.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court:

---

1. Enter judgment against Defendants for compensatory damages in an amount to be determined at trial;

2. Award punitive damages against Defendant for reckless and malicious conduct;

3. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

4. Grant any other relief this Court deems just and proper.

*Certification and Closing*

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

Jessica Lynn Johnson                      January 29th 2025

*Jessica Lynn Johnson*