IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**Jessica Lynn Johnson,**

Plaintiff,

v.

**Corporal Chase Ross,** in his individual capacity,

**Tillamook County Sheriffs Dept.** (Tillamook County),

Defendants.

Case No.: 3.25-cv-00181-SB

## PLAINTIFFS RESPONSE TO DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSE

### NOTICE OF VOLUNTARY DISMISSAL OF CERTAIN PARTIES

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff voluntarily dismisses without prejudice the following parties from this action:

Tillamook City Police Department,

Officer Neubauer

Officer Saddler

Plaintiff seeks to proceed solely against Corporal Ross in his individual capacity and Tillamook County.

## I.     RESPONSES TO SPECIFIC PARAGRAPHS IN DEFENDANTS' ANSWER

1. The plaintiff acknowledges that the Tillamook County District Attorney filed criminal charges on August 5, 2024, and that the matter proceeded to trial on January 7-8, 2025. The plaintiff affirms that she was acquitted of the charge of disorderly conduct in the second degree and that the jury hung on the charge of resisting arrest, resulting in a mistrial. The Plaintiff further acknowledges that the State subsequently dismissed the remaining charge in the interest of justice.
2. Plaintiff denies the remaining general denials and assertions by Defendants where they lack specificity or fail to admit conduct that is verifiable via public record, audio/video evidence, and or sworn testimony.

## II.     RESPONSE TO AFFIRMATIVE DEFENSES

1. **Qualified Immunity:** Plaintiff asserts that Corporal Ross is not entitled to qualified immunity. The conduct in question- use of excessive force against a non- violent, non-fleeing individual- violated clearly established constitutional rights under the Fourth and Fourteenth Amendments. See *Hope v. Pelzer, 536 U.S. 730 (2002); Tennessee v. Garner, 471 U.S. 1 (1985); Graham v. Conner, 490 U.S. 386 (1989).*
2. **Failure to State a Claim:** Plaintiff has sufficiently pled facts to support plausible claims for relief under 42 U.S.C. 1983. The Complaint provides a detailed narrative of the events, names of the people involved, and clearly alleges violations of constitutional rights, including excessive force, unlawful arrest, and failure to intervene.
3. **Oregon Tort Claims Act Limitations:** Plaintiff acknowledges that claims under Oregon State Law may be subject to the Oregon Tort Claims Act (OTCA), ORS 30.265. However, Plaintiff maintains that the Defendants' conduct exceeded the scope of lawful authority and was not entitled to immunity under OTCA, particularly where intentional misconduct and constitutional violations are involved. See *Rains v. Stayton Builders Mart, Inc., 258 Or.*

*App. 652 (2013).*

4. **Probable Cause:** The existence of probable cause is a question of fact, especially in cases where an arrest is challenged for being unlawful and preceded using excessive force. The grand jury or judge's initial finding of probable cause does not shield unconstitutional conduct. See *Beck v. Ohio, 379 U.S. 89 (1964); Borunda v. Richmond, 885 F.2d 1384 (9th Cir. 1988).*
5. **Reasonable Use of Force:** Plaintiff denies that Corporal Ross's use of force was reasonable under the totality of the circumstances. The plaintiff was not resisting arrest, posed no immediate threat to officers or others, and was already restrained when excessive force was applied. This is a factual dispute to be resolved by a jury.
6. **Lawful and Justified Conduct:** Plaintiff denies this conclusory assertion. Whether the conduct was lawful or justified is a central issue in this case and must be determined by weighing facts and evidence.
7. **Improper Defendant-Sheriff's Department:** Plaintiff does not object to the substitution of Tillamook County as the proper party in place of the Sheriff's Department, consistent with Monell liability requirements.
8. **Failure to Mitigate Damages:** Plaintiff denies that she failed to mitigate damages. The plaintiff sought medical treatment and therapy and has continued efforts to heal from the trauma caused by Defendants' conduct.
9. **Reservation of Rights:** Plaintiff notes that a reservation to assert further defenses does not constitute a valid affirmative defense and should be stricken. See *Solomon v. N. AM. Life & Cas. Ins. Co., 151 F.3d 1132, 1135 (9th Cir. 1998)*

## III.   PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Strike any insufficient or legally unsupported affirmative defenses.
2. Recognize factual disputes regarding probable cause, excessive force, and reasonableness

of the Defendants' conduct as triable issues.

3. Allow this case to proceed with discovery and jury trial.

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Dated: April 18, 2025

/s/ Jessica Lynn Johnson
3800 12th St. Apt. #G254
Tillamook, Or. 97141
(541) 921-2650
jljohnson7913@gmail.com
Plaintiff, Pro Se