Lauren E. Nweze, OSB No. 145218
lnweze@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010
Facsimile: 971.275.1928

Attorneys for Corporal Chase Ross and
Tillamook County

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JESSICA JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>CORPORAL CHASE ROSS, and<br>TILLAMOOK COUNTY,<br><br>          Defendants | Case No. 3:25-cv-00181-SB<br><br>**DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

LR 7-1 CERTIFICATION ........................................................................................... 1

MOTION ..................................................................................................................... 1

LEGAL MEMORANDUM ......................................................................................... 1

I.    INTRODUCTION ............................................................................................. 1

II.   STATEMENT OF FACTS ................................................................................ 3

    A.   Material Facts Regarding Corporal Ross. .................................................. 3

    B.   Material Facts Known to Corporal Ross Prior to the August 2, 2024 Arrest of Plaintiff ................................................................................................... 4

    C.   Material Facts Related to the August 2, 2024 Arrest of Plaintiff. ................ 5

    D.   Material Facts Related to Plaintiff's Incarceration at the Tillamook County Jail from August 2, 2024 to August 5, 2024 ......................................... 12

III.  SUMMARY JUDGMENT STANDARD .......................................................... 13

IV.   ARGUMENT ................................................................................................... 14

    A.   Corporal Ross is Entitled to Summary Judgment on Plaintiff's Section 1983 Claims. 14

        1.   Corporal Ross's Conduct Did Not Constitute a Fourth Amendment Violation for Excessive Force.        15

        2.   Plaintiff's Arrest Did Not Violate the Fourth Amendment. .................................. 18

        3.   Plaintiff's Fourteenth Amendment Due Process and Equal Protection Claim(s) Fail as a Matter of Fact and Law. ..................................... 22

        4.   Plaintiff Has Failed to Establish that Any of Her Constitutional or Federal Rights Were Violated by Malicious Prosecution Nor Has She Established a State Claim for the Same. ........................................................... 28

        5.   Corporal Ross is Entitled to Qualified Immunity on All of Plaintiff's Section 1983 Claims. ........................................................................... 30

    B.   Defendants Are Entitled to Summary Judgment on Plaintiff's State Tort Claims. ....... 32

        1.   Corporal Ross is an Improper Party for All of Plaintiff's State Law Claims. ....... 32

        2.   Plaintiff's Fourth Claim Under State Law for Malicious Prosecution. ................ 32

        3.   Plaintiff's Fifth Claim for "Slander and Libel" Under State Law. ...................... 32

        4.   Plaintiff's Sixth Claim Under State Law for Intentional Infliction of Emotional Distress ("IIED"). ................................................................... 34

    C.   Plaintiff has Failed to Plead Any Evidence to Show Entitlement to Damages. ........... 38

        1.   Plaintiff Has Failed to Produce Any Evidence of Compensatory Damages. ......... 38

        2.   Plaintiff Fails to State a Claim for Punitive Damages. ........................................ 38

3.  Pro Se Plaintiff Is Not Entitled to Attorney Fees and Costs. ............................... 40

V.  CONCLUSION ................................................................................................ 40

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT     Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986) ................................................. 14

*Armstrong v. Reynolds*, 22 F.4th 1058 (9th Cir. 2022) (citing *Portman
    v. County of Santa Clara*, 995 F.2d 898 (9th Cir. 1993) ........................................... 23

*Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ......................... 13

*Ashcroft v. al-Kidd*, 563 U.S. at 741 .......................................................................... 32

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 24

*Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) .................................................... 19

*Bahn v. NME Hosp's, Inc.*, 929 F.2d 1404 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991) ... 13

*Ballard v. City of Albany*, 221 Or. App. 630 (2008) .................................................... 37

*Ballard v. City of Albany,* 221 Or. App. 630, 641, 191 P.3d 679 (2008) .................... 37

*Blakenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) ...................................... 29

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007) .................................... 15

*Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397 (1997) ............................................. 24

*Bracken v. Douglas Cnty.*, No. 6:20-CV-02183-AA, 2023 WL 4886971
    (D. Or. Aug. 1, 2023) ............................................................................................... 36

*Brittain v. Hansen*, 451 F.3d 982 (9th Cir. 2006) (quoting *Cty. of Sacramento v. Lewis*,
    523 U.S. 833 (1997)) ................................................................................................ 22

*Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132 (9th Cir. 2009) (citing *City of
    Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) ...... 38

*California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics Inc.*,
    818 F.2d 1466 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988) ........................ 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................... 13

*Chamberlain v. City of Portland*, 184 Or. App. 487, 492 (2002) ................................ 33

*Checkley v. Boyd*, 170 Or. App. 721 (2000) ................................................................ 35

*City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600,
    135 S. Ct. 1765 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ........... 31

*Cook v. City & Cnty. of San Francisco*, 353 F. App'x 86 (9th Cir. 2009) .................. 27

*County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ................................... 22, 24

*Daniels v. Williams,* 474 U.S. 327 (1986) ................................................................... 24

*Davidson v. Cannon,* 474 U.S. 344, 347-348 (1986) ................................................... 24

*Dela Torre v. Cnty. of Fresno*, 177 F. App'x 768 (9th Cir. 2006) .............................. 27

*Demaray v. State, Dept. of Envtl. Quality*, 127 Or. App. 494, 502, 873 P.2d 403 (1994) ........... 32

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

*Devenpeck v. Alford*, 543 U.S. 146 (2004) ................................................................ 19

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018) (quoting *Reichle v. Howards*,
    566 U.S. 658 (2012) ................................................................................................ 30

*District of Columbia v. Wesby*, 583 U.S. 48 (2018) ...................................................... 19

*Dow v. Sears, Roebuck & Co*., 84 Or. App. 664, 734 P.2d 1387 (1987)...................... 29

*Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003) .................................... 15

*Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2012).................................................. 29

*Edgerly v. City & County of San Francisco*, 599 F.3d 946 (9th Cir. 2010) ................. 19

*elarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018)............................................... 30

*Endicott v. Deschutes Cty.*, No. 6:14-CV-1810-MC, 2015 WL 853091 (D. Or. Feb. 26, 2015)
    (citing *Shearer v. Lambert*, 274 Or. 449 (1976) ..................................................... 33

*Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994)....................................... 15

*Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002)....................................... 23

*Gigler v. City of Klamath Falls*, 21 Or App 753, 537 P2d 121 (1975)........................ 36

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992)..................................................... 24

*Gillis v. City & Cnty. of San Francisco*, 560 F. App'x 665, 668 (9th Cir. 2014)
    (citing *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir.2011) ........... 27

*Glenn v. Washington Cty.*, 673 F.3d 864 (9th Cir. 2011) ............................................. 16

Gonzalez v. Kangas, 814 F.2d 1411 (1987)................................................................... 40

*Gordon v. County of Orange*, 888 F.3d 1118  (9th Cir. 2018), *cert. denied*
    *sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S.Ct. 794, 202 L.Ed.2d 571 (2019) ................... 23

*Graham v. Connor*, 490 U.S. 386 (1989) ............................................................. 15, 16

*Gravelet-Blondin v. Shelton*, 728 F.3d 1086 (9th Cir. 2013) (alteration in original)
    (quoting *Maxwell v. County of San Diego*, 697 F.3d 941 (9th Cir. 2012)............... 18

*Gregory v. City of Newberg*, 2016 U.S. Dist. LEXIS 34500 (D. Or. 2016) ................ 25

*Gustafson v. Payless Drug Stores*, 269 Or. 354 (1973) ............................................... 29

*Gutierrez v. Municipal Court of the Southeast Judicial District*, 838 F.2d 1031 (9th Cir. 1988) 27

*Harper v. City of Los Angeles*, 533 F.3d 1010 (9th Cir. 2008).................................... 29

*Harris v. UBH of Oregon, LLC*, No. 3:17-CV- 01296-AA, 2017 WL 4182816
    (D. Or. Sept. 21, 2017) (quoting *Watte v. Edgar Maeyens*, 828 P.2d 479
    (Or. Ct. App. 1992)................................................................................................... 35

*Hartley v. State Water Res. Dep't*, 77 Or. App. 517, 713 P.2d 1060 (1986) ............... 29

*Hill v. City of Fountain Valley*, 70 F.4th 507 (2023)................................................... 37

*House v. Hicks*, 218 Or. App. 348, 358 (2008)............................................................ 35

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

*Humbert v. Knutson*, 224 Or. 133, 138-39, 354 P.2d 826 (1960) .................................................. 29

*Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136 (9th Cir. 2020)
(citing *West v. Atkins*, 487 U.S. 42 (1988) ............................................................. 14

Kay v. Ehrler, 499 U.S. 432 (1991) ....................................................................... 40

*Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015).................. 16

*Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)....................................................... 30, 31

*Knight v. Durbin*, No. 3:18-CV-01580-BR, 2019 WL 3037046 (D. Or. July 11, 2019).............. 36

*Lassiter v. City of Bremerton*, 556 F.3d 1049 9th Cir. 2009) ...................................... 29

*Lowry v. City of San Diego*, 858 F.3d 1248 (9th Cir. 2017) (en banc)
(quoting *Scott v. Harris*, 550 U.S. 372 (2007).................................................... 13

*Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012)................................ 30

*Mata-Gonzalez v. Monico*, No. 3:11-cv-00260, 2013 WL 5476952 (D. Or. Sep. 27, 2013) ....... 28

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574 (1986)...... 14

*Mehta v. City of Upland*, 748 Fed.Appx. 739 (2018) ............................................... 37

*Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) ................................. 19

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)............................................... 24

*Mullenix v. Luna*, 577 U.S. 7 (2015)................................................................... 31

*Nash v. Lewis*, 365 F. App'x 48  (9th Cir. 2010) (citing *Chamberlain*, 184 Or. App. at 492)...... 34

*National Union Fire Insurance Co. of Pittsburgh Pennsylvania v. Starplex Corp.*,
220 Or. App. 560, *rev den*, 345 Or. 417 (2008)....................................................... 33

*Ngo v. Reno Hilton Resort Corp.*, 140 F3d 1299 (9th Cir1998), *cert dismissed*,
526 U.S. 1142 (1999)...................................................................................... 39

*Patton v. J.C. Penney Co., Inc.*, 301 Or. 117 (1986) (quoting *Hall v.*
*May Dept. Stores Co.*, 292 Or. 131 (1981)).......................................................... 35

*Pearson v. Callahan*, 555 U.S. 223 (2009)............................................................. 30

*Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256 (1979) ............................... 26

*Plumeau v. Yamhill County Sch. Dist. #40*, 907 F. Supp. 1423 (D. Or. 1995)..................... 25

Price v. City of Sutherlin, 945 F.Supp.2d 1147 (D. Or. May 9, 2013)............................. 37

*Pusateri v. Klamath Cty. Cmty. Dev.*, No. 1:18-CV-00058-MC, 2018 WL 468300
(D. Or. Jan. 18, 2018) ................................................................................. 28

*Reichle*, 566 U.S. at 664................................................................................ 31

*Rose (Betty) v. Whitbeck*, 277 Or. 791, mod., 278 Or. 463 (1977) ........................... 28, 29

*Saberi v. City of Portland*, No 04-1396-MO, 2006 WL 2707995
(D. Or. Sep 18, 2006)................................................................................... 36

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT     Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

*Schuler v. Chronicle Broad Co.*, 793 F.2d 1010 (9th Cir. 1986) ................................. 14

*Scott v. Harris*, 550 U.S. 372 (2007) ................................. 14

*Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994) ................................. 15

*Seidner v. de Vries*, 39 F.4th 591 (9th Cir. 2022) ................................. 15

*Shafer*, 868 F.3d 1110 (9th Cir. 2017) ................................. 31

*Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008) ................................. 23

*Sharp v. Cty. of Orange*, 871 F.3d 901 (9th Cir. 2017) ................................. 31

*Shirley v. Freunscht*, 303 Or. 234 (1987) ................................. 33

*Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018) ................................. 24

*Sloman v. Tadlock*, 21 F.3d 1462 9th Cir. 1994) ................................. 29

*Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds
     by Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008) ................................. 29

*Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002) ................................. 30

*Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017) ................................. 25

*State v. Mason*, 26 Or. 273, 277–78 (1894) ................................. 32

*State v. Yocum*, 247 Or App 507, 269 P3d 113 (2011), *rev den*, 352 Or 25 (2012)
     (quoting *DeVaux v. Presby*, 136 Or App 456,  902 P2d 593 1995) ................................. 38

*Tatum v. Moody*, 768 F.3d 806, 819-820 (9th Cir. 2014) ................................. 26

*Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) ................................. 14

*Tekle v. United States*, 511 F.3d 839 (9th Cir. 2007) ................................. 15

*Tennessee v. Garner*, 471 U.S. 1 (1985) ................................. 15

*Thomas v. City of Portland*, No. CIV.05-1059-ST, 2007 WL 2286254
     (D. Or. Aug. 3, 2007) (citing *Smith v. Wade*, 461 U.S. 30  (1983) ................................. 39

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)
     (quoting *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ................................. 27

*Torres v. City of Los Angeles*, 548 F.3d 1197 (9th Cir. 2008) ................................. 30

*Tubra v. Cooke*, 233 Or. App. 339, *rev den*, 348 Or. 621 (2010),
     *cert den*, 562 US 1256 (2011) (quoting *Farnsworth v. Hyde*, 266 Or. 236 (1973) ................................. 33

*U.S. v. Hudson*, 100 F.3d 1409 (9th Cir. 1996) ................................. 17

*United States v. Struckman*, 603 F.3d 731 (9th Cir. 2010) ................................. 19

*United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989),
     *cert. denied*, 493 U.S. 809 (1989) ................................. 14

*Vanegas v. City of Pasadena*, 46 F.4th 1159 (9th Cir. 2022) (quoting *Lacey v.
     Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) ................................. 18

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) ................................................................ 26

*Virginia v. Moore*, 553 U.S. 164 (2008) ........................................................................................ 19

*Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018)
    (quoting *Shafer v. County of Santa Barbara*, 868 F.3d 1110 (9th Cir. 2017) ......................... 30

*Wallulis v. Dymowski*, 323 Or. 337, 343 (1996) ........................................................................ 33

*Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003) ............................................................................ 25

*Westwood v. City of Hermiston*, 787 F. Supp.2d 1175, 1205 (D. Or. 2011) ............................. 28

*Wilson v. Layne*, 526 U.S. 603 (1999) ........................................................................................ 31

## Statutes

ORS 161.205 ................................................................................................................................. 36

ORS 161.233 ................................................................................................................................. 36

ORS 161.235 ................................................................................................................................. 36

ORS 161.260 ................................................................................................................................. 36

ORS 162.247 ................................................................................................................................. 20

ORS 162.315(2)(c) ........................................................................................................................ 21

ORS 162.315(1) ............................................................................................................................ 21

ORS 166.025 ................................................................................................................................. 20

ORS 30.265(1) (2) ........................................................................................................................ 32

## Other Authorities

*Restatement (Second) of Torts* § 581A (1977) ............................................................................ 33

## Rules

Fed. R. Civ. P. 56(c) ..................................................................................................................... 13

Fed. R. Civ. P. 56(e) ..................................................................................................................... 13

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), the undersigned counsel for Defendants Tillamook County and Corporal Chase Ross ("Defendants") certifies that counsel attempted to confer with Plaintiff to try and resolve the matters that are the subject of this motion for summary judgment but was unable to get in touch with Plaintiff. (Nweze Decl., ¶¶ 6-9.)  Accordingly, Defendants presume Plaintiff **opposes** all bases for summary judgment noted below and therefore require the Court's assistance.

## MOTION

Pursuant to Fed. R. Civ. P. 56 and Local Rules 56-1, Defendants move the Court for an order granting summary judgment on all of Plaintiff's claims for relief because there is no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law. In addition, individual defendant Corporal Chase Ross ("Corporal Ross") is entitled to qualified immunity on Plaintiff's federal claims against him.

In support of this motion, pursuant to LR 7-1(c), Defendants rely on the Legal Memorandum set forth below, and the Supporting Declarations of Joshua Brown ("Sheriff Brown"), Corporal Ross, and Lauren Nweze with attached exhibits, and the pleadings on file herein.

## LEGAL MEMORANDUM

## I.  INTRODUCTION

On August 2, 2024, Corporal Ross was dispatched to a stolen vehicle call that escalated to a disturbance call at a home located at 7520 Fairview Road in Tillamook, Oregon. Based upon information obtained during his investigation, Corporal Ross developed reasonable suspicion of the crime of Unlawful Use of a Vehicle pursuant to ORS 164.135 of a U-Haul vehicle and attempted to contact Plaintiff to investigate further. Plaintiff, who was standing outside the home

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

located at the Fairview Road address and next to the U-Haul, was already combative, erratic, and yelling when Corporal Ross approached her. Despite his efforts to resolve the situation regarding the U-Haul without arrest, Plaintiff remained argumentative and combative and refused to return the U-Haul. At that point, Corporal Ross developed probable cause for the crime of Interfering with a Peace Officer. When Corporal Ross attempted to take Plaintiff into custody, she immediately began resisting, attempting to pull from Corporal Ross' grasp, and continued yelling and screaming at him. As a result, Corporal Ross ended up getting Plaintiff on the ground on her stomach so that he could not only control her, but also search her incident to arrest. In addition to his probable cause for Interfering with a Peace Officer, Corporal Ross also had probable cause for the crimes of Resisting Arrest and Disorderly Conduct in the Second Degree. Plaintiff was eventually lodged at the Tillamook County jail for these crimes and he completed a Probable Cause Affidavit ("PC Affidavit") which outlined the behaviors of the Plaintiff on that day.

His PC affidavit was reviewed and approved by the Tillamook County District Attorney's office, and a Tillamook County Circuit Judge also determined Corporal Ross has probable cause. The Tillamook County District Attorney's Office filed an Information for the crimes of Disorderly Conduct in the Second Degree and Resisting Arrest against Plaintiff on August 5, 2024. Plaintiff was lodged at the Tillamook County Jail from August 2, 2024 through August 5, 2024 when she was released after her arraignment. During her time at the jail, there were not problems noted from or grievances voiced by Plaintiff.

Plaintiff now brings numerous claims against Defendants: Section 1983 claims against Corporal Ross alleging Fourth Amendment violations of excessive force and unlawful arrest, and

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Fourteenth Amendment violations for Due Process and Equal Protection, and three state tort claims for malicious prosecution[1], defamation of character, and intentional infliction of emotional distress.

Defendants now bring this motion for summary judgment as the allegations underlying these claims asserted in Plaintiff's Complaint are either unsupported by the undisputed facts, or do not state claims as a matter of law. As such, Defendants are entitled to summary judgment as a matter of law as to each of Plaintiff's claims.

## II.  STATEMENT OF FACTS

### A.    Material Facts Regarding Corporal Ross.

Corporal Ross has been employed by the Tillamook County Sheriff's Office ("TCSO") since March of 2010 where he began his employment as a Corrections Deputy working in the Tillamook County Jail. (Ross Decl., ¶ 1 – 3). In February of 2014, he transitioned to patrol deputy. (*Id.* at ¶ 3). As part of his training for both positions, he attended the Oregon Department of Public Standards and Training Program ("DPSST") where he received instruction on defensive tactics, use of force, handcuffing, searching individuals for weapons and means of escape, the intake, custody, welfare, transportation, and release of adults in custody, court procedures and laws pertaining to adults in custody, law enforcement authority, probable cause, investigations, search and seizure, and de-escalation techniques and tactics. (*Id.*).

In addition to his basic training, in April of 2016 Corporal Ross also completed a forty (40) hour course at DPSST, including classroom instruction simulation-based exercises, legal knowledge, and observation of teaching and tactics by instructors, to qualify as a "Defensive

---

[1] Plaintiff alleges her malicious prosecution claim is based upon both state and federal law, however Plaintiff does not identify any constitutional provision in her Fourth Claim for Relief.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Tactics" Instructor for the Tillamook County Sheriff's Office. (*Id.* at ¶ 4). He has have served as an instructor for his agency ever since. (*Id.*) In July and September of 2017, Corporal Ross completed further courses to become a Drug Recognition Expert ("DRE"), including classroom based instruction on the physiology of narcotics and how different drug category impacts to the human body, the 12-step evaluation procedure, simulation-based exercises, and legal knowledge, and twelve (12) supervised evaluations. (*Id.* at ¶ 5). He have served and continues to serve as a DRE for his agency. (*Id.*). Corporal Ross is also a Field Training Officer and has been certified as such since 2013. (*Id.* at ¶ 6). He has trained approximately 25 – 30 deputies in both corrections and on patrol and provides additional, field-based training to new deputies coming out of DPSST on the same topics he was taught. (*Id.*).

**B.     Material Facts Known to Corporal Ross Prior to the August 2, 2024 Arrest of Plaintiff.**

During the course and scope of Corporal Ross' employment with the TCSO, he had personally come into contact with and was aware of numerous other law enforcement contacts with Plaintiff. (*Id.* at ¶ 8). During his contacts with Plaintiff, she had consistently been confrontational and antagonistic towards him and the TCSO generally. (*Id.*). Based on his own experience, knowledge, and interactions with other law enforcement in Tillamook County, Plaintiff is regarded as being confrontational with law enforcement and is frequently observed under the influence of illicit substances. (*Id*). He also had observed Plaintiff on several narcotics investigations frequenting and soliciting known drug houses. (*Id.*).

Despite his numerous contact with Plaintiff, prior to this incident, Corporal Ross had never taken Plaintiff into custody or arrested her. (*Id.* at ¶ 9). However, based on a prior contact, Corporal Ross was aware that Plaintiff's father, Jeffrey Lee Johnson, had passed away several months prior to his contact and arrest of her on August 2, 2024.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

**C.     Material Facts Related to the August 2, 2024 Arrest of Plaintiff.**

On August 2, 2024, Corporal Ross responded to a stolen vehicle call that escalated to a disturbance call at 7520 Fairview Road in Tillamook, Oregon. (Ross Decl., ¶ 12; Ex. 2, p. 1). This address known as a residence or frequent location of Plaintiff. (Ross Decl., ¶ 12). Corporal Ross, two City of Tillamook Police officers, and one Oregon State Trooper arrived at the scene around the same time. (*Id.* at ¶ 13; Ex. 2, p. 1). Corporal Ross was equipped with a body worn camera at the time, he had it engaged, and it captured the full contact with Plaintiff. (*Id.* at ¶ 11; Ex. 3).

Upon arrival, Alex Cole ("Mr. Cole"), the reporting party, informed Corporal Ross that he owned the U-Haul truck currently parked (and being blocked by another vehicle in the driveway) and that it was currently three (3) days past its contracted return date. (*Id.* at ¶ 14; Ex. 2, p. 2; Ex. 3, Bates DEF0117 at 00:55.) Mr. Cole relayed information from his personal knowledge, as well as information/directions he was provided by the U-Haul corporation. (*Id.*) In support of this, Mr. Cole showed Corporal Ross a receipt on his cell phone which showed that "Jeff Johnson" ("Mr. Johnson") was the named renter of the vehicle, his name was signed on the signature line, and informed him that the credit card associated with the rental agreement was Mr. Johnson's. (*Id.* at ¶ 14; Ex. 3, Bates DEF0117 at 4:15). Mr. Cole informed Corporal Ross that Plaintiff was only listed as the emergency contact for the rental agreement. (*Id.* at ¶ 14; Ex. 2, p. 2, Ex. 3, Bates DEF0117 at 4:45). Based on the name and address of the rental agreement, it appeared that the renter was Plaintiff's deceased father Jeffrey Lee Johnson. (*Id.*). Corporal Ross observed a Subaru SUV parked facing the wrong direction in the westbound lane of Fairview Road which blocked the U-Haul in and also partially blocked the lane of travel. (*Id.* at ¶ 15; Ex. 2, p. 1). Corporal Ross knew the Subaru was frequently driven by Plaintiff, and believed that she had possession and/or full access to the vehicle based upon prior observations. (*Id.* at ¶ 15).

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Based on his conversation with Mr. Cole, and the observations made at the scene, Corporal Ross believed he had, at a minimum, reasonable suspicion of the crime of Unauthorized Use of a Vehicle pursuant to ORS 164.135 based upon the following: (1) seeing receipts that showed the U-Haul's past due date, (2) Plaintiff was not the certified renter of the agreement, and (3) Plaintiff refusing to allow the U-Haul to leave her premises. (*Id.* at ¶ 16). As a result, he proceeded to make contact with Plaintiff who was located near the U-Haul. (*Id.* at ¶ 17).

Upon contact, Plaintiff was agitated, irritable, upset, excited, hyperactive, and was moving her body around constantly in rapid furtive movements with exaggerated reflexes. (*Id.,* Ex. 2, p. 2, Ex. 3, Bates DEF0117 at Bates DEF0117 at 5:15). Based on his training and experience as a DRE, and his prior contacts with Plaintiff, he suspected she could have been under the influence of a CNS Stimulant at that time given the combination of behaviors she was demonstrating consistent with someone under the influence of a CNS Stimulant. (*Id.* at ¶ 17). Plaintiff stated she had lawfully rented the U-Haul and had been making payments on it every day. (*Id.* at ¶ 18; Ex. 2, p. 2; Ex. 3). She attempted to show Corporal Ross proof of such on her phone, however, the only document she was able to show him was a "Terms and Conditions" statement which did not provide any evidence of her payments or association with the U-Haul truck. (*Id.*; Ex. 3, Bates DEF0117 at 10:30.) Instead, it appeared to be a generic image of a rental agreement which did not appear to have her name, any date, or other indication it was connected to the U-Haul at the scene. (*Id.*, Ex. 3, Bates DEF0117 at 10:35).

In light of this, Corporal Ross informed Plaintiff she had not provided proof she had lawfully rented to the U-Haul or that the rental was fully paid for, and as a result, she had to let Mr. Cole take possession of it. (*Id.* at ¶ 19; Ex. 2, p. 2 – 3; Ex. 3, Bates DEF0117 at 10:45.) In order to facilitate this, Corporal Ross attempted to arrange a solution which ensured that Plaintiff

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

could retrieve any possessions in the back of the U-Haul from Mr. Cole. (*Id.*, Ex. 2, p. 3; Ex. 3, Bates DEF0117 at 6:30.) After some back and forth with Plaintiff attempting to reach a resolution that did not result in her arrest, Plaintiff refused to cooperate and instead insisted that she be arrested. (*Id.*, Ex. 3, Bates DEF0117 at 12:25 and 12:50.) Corporal Ross continued to explain that Plaintiff needed to move the Subaru from blocking the road and the U-Haul or she could be arrested. (*Id.*, Ex. 3, Bates DEF0117 at 12:00.) Given the totality of the circumstances before him, and based on his training, experience, and observations, Corporal Ross had probable cause to arrest Plaintiff for Interfering with a Peace Officer pursuant to ORS 162.247 based upon: (1) Mr. Cole having lawful authority to take possession of the U-Haul (owned by his rental company); (2) documents showing the U-Haul was past due for return or further payment; (3) Plaintiff was not the authorized or named as the renter on the U-Haul rental agreement; (4) Plaintiff refused to move or direct the Subaru to be moved so that it was no longer blocking both the U-Haul and the lane of travel despite his efforts to coordinate transition of the vehicle from Plaintiff to Mr. Cole; (5) Plaintiff's refusal to surrender the U-Haul back to Mr. Cole; and (6) Plaintiff's statement that she should be arrested, which indicated she was aware she had been given lawful order(s) and was knowingly refusing to comply with those order(s). (Ross Decl., ¶ 20.).

Corporal Ross then attempted to place Plaintiff under arrest. (Ross Decl., Ex. 2, p. 3; Ex. 3, Bates DEF0117 at 12:50). In reaction, Plaintiff immediately began flailing and cursing at him. (Ross Decl., ¶ 21; Ex. 2, p. 3; Ex. 3.) Corporal Ross was able to spin her around, but she continued to pull away and attempt to escape from his grasp. (*Id.*) In order to address her active resistance, Corporal Ross used tactics which he have been trained to utilize (and which he trains other law enforcement to utilize) to safely gain control of Plaintiff, including putting Plaintiff in a two on one escort hold and pinning her against the side of the U-Haul. (*Id.*) Once pinned, Corporal Ross

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

was able to place a handcuff on Plaintiff's left hand, and another officer on the scene assisted in gaining control of her right hand. (*Id.*) Plaintiff continued to resist by attempting to forcefully pull out of Corporal Ross' grasp, while yelling and arguing with him. (*Id*)

Corporal Ross observed that Plaintiff had unknown items in the pockets of the shorts she was wearing. (Ross Decl., ¶ 22; Ex. 2, p. 3; Ex. 3). Once Plaintiff had been successfully handcuffed, he attempted to complete a search incident to arrest to ensure no weapons or means of escape were on her person prior to placing her in his patrol vehicle. (*Id*). He was able to search her right pocket, in which some miscellaneous paperwork was located. (*Id*., Ex. 3, Bates DEF0117 at 13:25). However, when he moved to her left pocket, Plaintiff then began to yell and scream again and requested that a female deputy search her. (*Id*; Ex. 2, p. 4; Ex. 3, Bates DEF0117 at 13:30.) Plaintiff again pulled away from his grasp and actively attempted to evade Corporal Ross' attempt to search her left pocket. (*Id.;* Nweze Decl., Ex, 3, Bates DEF0123 at 00:30.) On that particular date, Corporal Ross was aware that there potentially was only one female sergeant on duty within the County and that it would take a lengthy amount of time for her arrival. (Ross Decl., ¶ 23). In light of this, he made the determination to finish his limited search of Plaintiff's pockets for the purposes of determining if she had weapons or means of escape as it was the best available option at the time. (*Id*)

In response to Plaintiff's further resistance, Corporal Ross spun Plaintiff around and sat her on the ground to continue his search. (Ross Decl., ¶ 24; Ex. 2, p. 4; Ex. 3, Bates DEF0117 at 13:35.) This tactic was consistent with the training he had received and had trained other officers on in terms of safely securing a resistive subject who has been taken into custody. (Ross Decl., ¶ 24). Plaintiff continued to yell, scream, fight, resist, and attempted to pull away from his grasp so that he could not finish the search of her left pocket. (*Id.*; Ex 2, p. 4; Ex. 3.) In response, Corporal

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Ross pinned Plaintiff on her stomach on the roadway to maintain control – a tactic which is also consistent with his training and experience. (*Id.* at ¶ 25; Ex 2, p. 4; Ex. 3.) He did not apply any pressure to Plaintiff's stomach or her face, but instead applied moderate pressure to her legs and midsection in an attempt to gain control of her and access the contents of her left pocket. (*Id.* at ¶ 25). Corporal Ross did not cause Plaintiff's body to move, rather, he was attempting to inhibit Plaintiff's erratic and resistive movements. (*Id.*). During this entire time, Plaintiff continued to squirm and wiggle in an attempt to get away from him. (*Id*; Ex. 2, p. 4; Ex. 3.) At one point, Plaintiff propelled her own body several inches across the gravel ground causing abrasions to her face, shoulder, and leg. (Ross Decl., ¶ 25, Ex. 3, Bates DEF0117 at 13:30; Nweze Decl., Ex. 3, Bates DEF0123 at 0:40.)

Corporal Ross was ultimately able to remove the items in Plaintiff's left pocket, including a lighter, key chain, papers, a plastic baggy material, and a small soft container that he recognized, based on his training and experience, as a container used by narcotics users to store illicit substances. (Ross Decl., ¶ 26; Ex. 2, p. 4, Ex. 3, Bates DEF0117 at 13:55.) When he assisted Plaintiff up, he noted that Plaintiff had blood on her chin and the left side of her face from abrasions and cuts. (*Id.* at ¶ 27; Ex. 2, p. 4; Ex. 3, Bates DEF0117 at 14:20.) Plaintiff did not express that she was in any pain at that time. (Ross Decl., ¶ 27; Ex. 3.)

After placing Plaintiff in his patrol car, Corporal Ross returned to the area where he had left the items located in Plaintiff's pocket, however, they were no longer there. (*Id.* at ¶ 28; Ex. 2, p. 4.) He later learned that an officer from another agency had collected these items and given them to one of two other individuals who were at the scene with Plaintiff and who he knew to be associated with her (her son and boyfriend). (*Id.*; Ex. 2, p. 5.) Corporal Ross was not able to subsequently recover those items. (*Id.*) He then attempted to speak with the two other individuals

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

at the scene, however neither provided statements about the events that occurred. (*Id.*; Ex 2., p. 4; Ex. 3, Bates DEF0117 at 17:20.) Mr. Cole took possession of the U-Haul and stated that since he had possession of his truck, he did not want to press charges related to the U-Haul. (*Id.*, Ex. 3, Bates DEF0117 at 17:50.)

Given Plaintiff's actions during his attempts to take her into custody for the crime of Interfering with a Peace Officer, Corporal Ross developed further probable cause for the crimes of Resisting Arrest under ORS 162.315 and Disorderly Conduct in the Second Degree under ORS 166.025 as: (1) Plaintiff actively pulled her arms away from him while he attempted to place handcuffs on her and her continued attempt to escape from his grasp; (2) Plaintiff actively pulled away from him and attempted to fight against his control of her person once handcuffs were on her to when she was on the ground; (3) Plaintiff attempted to prevent him from searching her left pocket; (4) Plaintiff's yelling, screaming, threatening and tumultuous behavior; and (5) Plaintiff's refusal to move or allow the removal of the Subaru from blocking traffic on a public way. (Ross Decl., ¶ 29.) Based on his training and experience, and in light specifically of his probable cause for the crime of Resisting Arrest, he determined that Plaintiff would be lodged at the jail pursuant to common practice at TCSO. (*Id.* at ¶ 32.)

Prior to taking Plaintiff to the Tillamook County Jail, Corporal Ross took Plaintiff to the Tillamook Regional Medical Center to have her injuries evaluated. (*Id.* at ¶ 30; Ex. 2, p. 4; Ex. 3, Bates 0120.) During that ride, again, Plaintiff did not express or indicate that she was in pain during that time. (Ross Decl., ¶30.) Corporal Ross remained in the room with Plaintiff during the majority of her evaluation. (*Id.*; Ex. 3, Bates 0120 at 5:40.) During that time, Plaintiff continued to not give any indication she was in pain during her evaluation and treatment of injuries. (Ross Decl., ¶ 30.) When questioned by hospital staff about losing consciousness or having pain, Plaintiff denied

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

losing consciousness and denied having any pain stating she was more angry than anything else. (*Id*., Ex. 3, Bates 0120 at 6:40.) Upon release from the hospital, Corporal Ross transported Plaintiff to the Tillamook County Jail. (*Id* at ¶ 31.) During that ride, again, Plaintiff did not express or indicate that she was in pain during that time. (*Id*., Ex. 3, Bates 0120 at 35:00.)

Upon arrival at the jail, Plaintiff allowed a search of her person by a male jail deputy who completed her booking process without resistance. (*Id.* at ¶ 33, Ex. 3, Bates 0120 at 46:00.) Corporal Ross remained at the jail while Plaintiff was in the booking room of the jail for approximately 15 – 30 minutes to complete booking paperwork and lodge Plaintiff for the crimes she was arrested for. To the best of his recollection, Plaintiff did not make any requests or lodge any complaints during that time. (*Id.*).

On August 2, 2024, the same day as Plaintiff's arrest, Corporal Ross provided a probable cause declaration to the Tillamook County District Attorney's Office and to the Tillamook County Circuit Court summarizing the facts and information leading up to his arrest of Plaintiff. (*Id.* at ¶ 35). This declaration was reviewed and signed off by a Deputy District Attorney on August 4, 2024, approving the charges of Disorderly Conduct and Resisting Arrest for judicial review. (*Id.*; Ex. 4). On that same day, a Tillamook County Circuit Court Judge found probable cause existed for those charges. (*Id.*; Ex. 4). On August 5, the Tillamook County District Attorney's Office filed a criminal information against Plaintiff for the crimes of resisting and disorderly conduct. (Nweze Decl., Ex. 1.) The case was taken to trial on January 8, 2025, resulting in a mistrial (hung jury). (*Id*., Ex. 2.) Following the mistrial, the case was dismissed as a retrial "would [not] further the interest of justice." (*Id*.)

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

**D.    Material Facts Related to Plaintiff's Incarceration at the Tillamook County Jail from August 2, 2024 to August 5, 2024.**

The Tillamook County Jail ("TCJ") has a both a Policies and Procedures Manual and Adult in Custody ("AIC") Rules and Regulations Manual which not only provides guidance for jail staff, but also supplies AIC's with their rights while in the TCJ. (Brown Decl., ¶¶ 2-3). Plaintiff was promptly provided the AIC Rules and Regulations Manual. (Brown Decl., Ex. 5.) Pursuant to the Manual, Plaintiff was responsible for knowing the contents of the manual, which included instructions on how an AIC is to submit requests for either regular or medical purposes and how to submit grievances. (Brown Decl., Ex. 5, p. 1, 3). The Manual also provides instructions to the AIC explaining their religious rights. (Brown Decl., Ex. 5, p. 1.)

When Plaintiff was booked into TCJ, she underwent the standard classification process and was classified as "minimum security" and housed in the female minimum security block – the 100 Unit – of the TCJ during her incarceration. (Brown Decl., ¶ 8; Ex. 3.) She was the only female inmate housed there during that time. (*Id.*). There were only three other females in the TCJ at that time, however they were housed in a separate block according to their security classification which differed from that of Plaintiff. (*Id.*) The 100 Unit is equipped with a phone and television and both were operational for the entirety of Plaintiff's incarceration. (Brown Decl., ¶ 11.) Plaintiff did not use or attempt to use the phone in the 100 Unit at all. (Brown Decl., ¶ 14.) Computer tablets are also available for AIC use during their incarceration at the TCSO. The computer tablets are equipped with various activities that an AIC can do, including accessing religious material. (Brown Decl., ¶ 12.) Plaintiff was provided a tablet for use during the day on both August 3, 2024 and August 4, 2024. (Brown Decl., ¶ 13; Ex. 4.)

During the her incarceration, Plaintiff made no requests to the TCJ, either regular or medical, no oral or written grievances, nor did request to speak to the jail Chaplain or request any

religious material – such as a Bible. (Brown Decl., ¶ 16 – 18.) Had she done so, especially as it relates to a grievance, it is the policy that the deputy and/or staff member who receives it must document the grievance and any action taken as a result. (Brown Decl., ¶ 10.)

### III.  SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Bahn v. NME Hosp's, Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991). The moving party must carry the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). As to Plaintiff's Section 1983 claim brought under the Fourth Amendment for excessive force, Plaintiff bears the burden of proving that the force used was unreasonable. *Arpin v. Santa Clara Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). Notably,"[i]n the absence of material factual disputes, the objective reasonableness of a police officer's conduct is 'a pure question of law.'" *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc) (quoting *Scott v. Harris*, 550 U.S. 372, 381, n. 8 (2007).

Once the moving party meets its initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[I]t [cannot] be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988). Pertinent to this case, where the incident is captured on video and there is no dispute about the video's accuracy or authenticity, courts "view the facts in the light depicted by the video[s]." *Scott v. Harris*, 550 U.S. 372, 378-81

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

(2007). The "mere existence of a scintilla of evidence in support of the Plaintiff's position would be insufficient" to defeat a motion for summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). Evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989), *cert. denied*, 493 U.S. 809 (1989). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Schuler v. Chronicle Broad Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (purely "subjective personal judgments do not raise a genuine issue of material fact"). Accordingly, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." M*atsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986).

## IV.  ARGUMENT

### A.    Corporal Ross is Entitled to Summary Judgment on Plaintiff's Section 1983 Claims.

To prevail on her claims under 42 U.S.C. § 1983 against Corporal Ross, Plaintiff must establish two essential elements: (1) a person[2] deprived the plaintiff or caused the plaintiff to be deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was committed by a person acting under color of state law. *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff arguably brings four Section 1983 claims against Corporal Ross for alleged violations of the Fourth and Fourteenth Amendment: (1) Excessive Force in violation of the Fourth Amendment; (2) Unlawful Arrest in violation of the Fourth Amendment; (3) Violation of her

---

[2] To the extent Plaintiff intended to bring the Section 1983 claims against Defendant Tillamook County, a county does not constitute a "person" and is not a proper party to this claim and (in addition to the reasons set forth *infra*) should be dismissed with prejudice.

Fourteenth Amendment right to Due Process and Equal Protection; and (4) Malicious Prosecution. (ECF No. 1.). Plaintiff's Fourth Claim for "Malicious Prosecution" fails to identify which federal statute or constitutional provision through which it is raised. Under 22 U.S.C. § 1331, a plaintiff, at a minimum, must state what federal or constitutional provision applies to a claim to establish the jurisdiction of the federal court. Plaintiff has not done this. However, to the extent the Court finds this claims has been sufficiently plead to warrant substantive consideration, this claim, along with all of her other claims, fails for the reasons articulated *infra*.

      1.    <u>Corporal Ross's Conduct Did Not Constitute a Fourth Amendment Violation for Excessive Force.</u>

A claim that a law enforcement officer used excessive force is analyzed under the Fourth Amendment and its standard of objective reasonableness. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007); *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003). The pertinent question in a Fourth Amendment force case is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underling intent or motivation." *Graham*, 490 U.S. at 397; *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). Police officers are not required to use the least intrusive alternatives; they need only act within the range of reasonable conduct. *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994); *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994). The inquiry should be undertaken with a view towards the totality of the circumstances surrounding a particular sort of seizure. *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). Additionally, the "the type and amount of force" must be considered, and can be quantified. *Seidner v. de Vries*, 39 F.4th 591, 596 (9th Cir. 2022) ("quantifying a particular use of force requires consideration of the 'specific factual circumstances' surrounding the event.")

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Determining whether the particular application of force used is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396. The Ninth Circuit has distilled this into a three-step approach: (1) assess the severity of the intrusion by evaluating the type and amount of force used; (2) evaluate the government's interest in the use of that force; and (3) balance the gravity of the intrusion on the individual against the government's need for that intrusion. *Glenn v. Washington Cty.*, 673 F.3d 864, 871 (9th Cir. 2011). This test requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether they are actively resisting arrest or attempting to evade arrest by flight. (*Id.*); *see also, Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) ("Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.") The reasonableness of a particular use of force, moreover, must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, making allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Graham*, 490 U.S. at 396-97.

Here, there are no material facts or evidentiary which creates a genuine question as to whether Corporal Ross used excessive force, especially in light Plaintiff's own behaviors during

her arrest and Corporal Ross' repeated attempts to diffuse the situation without arrest. The undisputed record – including the body-worn camera footage of Corporal Ross – demonstrates unequivocally that his use of force at every step was both justified and reasonable. First, when Corporal Ross attempted to arrest Plaintiff for probable cause of the crime of Interfering with a Peace Officer, Plaintiff actively pulled away from his grasp and attempted to flee from his control. Corporal Ross used a two on one escort hold and utilized the U-Haul to gain control of Plaintiff. Plaintiff gave no indication that such an action caused her pain, and instead continued to resist being taken into custody – so much so another officer then had to assist Corporal Ross to place handcuffs on her. Plaintiff's behaviors required the assisting officer to tell Plaintiff to stop resisting and yet despite these warnings, Plaintiff continued to actively attempt to pull away and verbally barrage Corporal Ross. The amount of force used was minimal under the circumstances, and Corporal Ross' interest in taking Plaintiff into custody (based on probable cause of a crime and to assist in returning a vehicle to its rightful owner) far outweighed that of Plaintiff's interests.

Once handcuffs were placed on Plaintiff, Corporal Ross again had to utilize force when Plaintiff began resisting when attempted to search her incident to arrest. Corporal Ross had a lawful interest in ensuring that Plaintiff had no weapons or means of escape on her person, and was within the bounds of the Constitution in doing so. *U.S. v. Hudson*, 100 F.3d 1409 (9th Cir. 1996). Despite multiple warnings, Plaintiff's behavior continued and Corporal Ross made the decision to sit Plaintiff on the ground. This action in light of Plaintiff's ongoing resistive behaviors was minimal and necessary in order for Corporal Ross to effectuate his search of Plaintiff prior to transport.

As Corporal Ross renewed his attempted to search Plaintiff (specifically her left pocket), Plaintiff again began to yell, scream, and pull away from Corporal Ross. At this point, Corporal Ross proceeded to pin Plaintiff stomach-side down and apply minimal pressure to her legs and

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

midsection to stop her movements and allow a search of her pockets. At no time, and as evidence in the body-worn camera footage, did Corporal Ross or any other officer on scene push or rub Plaintiff's face into the ground. Instead, its clear Plaintiff was the one who did so to herself while still attempting to escape the custody of Corporal Ross.

Based upon the undisputed material facts, even viewed in the light most favorable to Plaintiff, the measured force utilized by Corporal Ross in effectuating Plaintiff's arrest and in response to Plaintiff's resistance and non-compliance was objectively reasonable in light of the facts and circumstances confronting him. Accordingly, Corporal Ross is entitled to summary judgment on this claim as a matter of law.

2.    Plaintiff's Arrest Did Not Violate the Fourth Amendment.

"In the context of a § 1983 action, a Fourth Amendment violation occurs when a person is arrested 'without probable cause or other justification.'" *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1164 (9th Cir. 2022)(quoting *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc)). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (alteration in original) (quoting *Maxwell v. County of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012)). "To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

of such activity. Probable cause is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (internal quotations and citations omitted); *see also Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) ("For probable cause, officers may rely on information gained by other officers under the 'collective knowledge' doctrine.").

In *Devenpeck v. Alford*, the Supreme Court reiterated the Fourth Amendment standards applicable in a Section 1983 claim for false arrest: "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed. Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." 543 U.S. 146, 152 (2004) (internal citations omitted). "There is probable cause for a warrantless arrest and a search incident to that arrest if, under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)."'[S]tate restrictions [on arrest] do not alter the Fourth Amendment's protections,' and under federal law, 'warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution.'" *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010) (second alteration in original) (quoting *Virginia v. Moore*, 553 U.S. 164, 176 (2008)).

When Corporal Ross determined he would place Plaintiff under arrest, he had probable cause for the crime of Interfering with a Peace Officer pursuant to ORS 162.247. Under Oregon

law, Interfering with a Peace Officer occurs when a person "knowing that another person is a peace officer… intentionally or knowingly acts in a manner that prevents, or attempts to prevent the peace officer" from "performing the lawful duties of the officer with regards to another person or a criminal investigation." ORS 162.247. As discussed *supra*, Corporal Ross had information from a witness, who also provided documentation substantiating the information that Plaintiff was in possession of a U-Haul that was not hers and that was overdue and had an outstanding balance. Plaintiff failed to produce any proof that she should have lawful possession of the U-Haul or that she had paid for the U-Haul when she was given the opportunity by Corporal Ross. Despite Corporal Ross' numerous attempts to explain and reason this to Plaintiff this, Plaintiff refused to return the truck to its rightful owner and thus interfering with his lawful duties as a police officer. It is clear based on both Corporal Ross' recitation of the facts and his body worn camera, which is not subject to reasonable dispute, that he gave Plaintiff ample opportunity to comply, yet Plaintiff simply refused and instead demanded to be arrested. In light of these undisputed facts, a prudent person would have concluded that there was a fair probability that Plaintiff had committed the crime of interfering.

Plaintiff's behaviors after he attempted to arrest her for Interfering with a Peace Officer created probable cause for the additional crimes of Disorderly Conduct in the Second Degree under ORS 166.025 and Resisting Arrest under ORS 162.315. Disorderly Conduct occurs when a person, with the "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: "[e]ngages in fighting, violent, tumultuous, or threatening behavior" or "[o]bstructs vehicular or pedestrian traffic on a public way." ORS 166.025. Here, Plaintiff clearly engaged in fighting and violent behavior as evidenced by Corporal's Ross' report and the body-worn camera footage. Despite Corporal Ross' calm and reasonable demeanor, Plaintiff remained erratic,

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

argumentative and using expletives when telling Corporal Ross to just arrest her. This behavior continued as Corporal Ross attempted to take her into custody. Such behaviors caused annoyance and alarm, and Plaintiff knew that given Corporal Ross' attempts to calm her down.

Additionally, Plaintiff was aware that the Subaru that was parked and blocking Fairview Lane was obstructing traffic because Corporal Ross made her aware of that. Despite this, she continued to refuse to move the vehicle, intentionally causing a public inconvenience. Accordingly, the undisputed material facts which can be seen in the body-worn camera of Corporal Ross, a prudent person would have concluded that there was a fair probability that Plaintiff had committed the crime of Disorderly Conduct.

As for Resisting Arrest, under ORS 162.315, Resisting Arrest occurs when a person "intentionally resists a person known by the person to be a peace officer or parole or probation officer in making an arrest. ORS 162.315(1). Resists is defined as "physical force or any other means that creates a substantial risk of physical injury to any person and includes but is not limited to behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." ORS 162.315 (2)(c). Plaintiff's actions as articulated by Corporal Ross in his report and as seen in his body-cam footage objectively fits the ORS definition of resisting. Plaintiff continually attempted to prevent Corporal Ross from taking her into custody by actively attempting to pull away from his grasp, fighting, and showed she was attempting to escape arrest. Corporal Ross attempted, through several means, to get Plaintiff to stop resisting, yet Plaintiff did not stop until a search of her person was completed and it was clear it was inevitable she would not be able to escape her arrest. In light of these undisputed facts, a prudent person would have concluded that there was a fair probability that Plaintiff had committed the crime of resisting arrest.

Page 21 –    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Finally, both the Tillamook County District Attorney's Office and a Judge for the Tillamook County Circuit Court made a probable cause determination on his affidavit. (Ross Decl., Ex. 4). Furthermore, the District Attorney's Office found enough based on the facts presented to not only move forward to charge Plaintiff for the crimes of Disorderly Conduct and Resisting Arrest, but to take it all the way through trial after having been provided all investigative records. (Nweze Decl., Ex. 1 and 2.)

Accordingly, Corporal Ross is entitled to summary judgment as to Plaintiff's unlawful arrest claim as a matter of law.

3.    Plaintiff's Fourteenth Amendment Due Process and Equal Protection Claim(s) Fail as a Matter of Fact and Law.

a    *Due Process.*

Plaintiff's incredibly vague and cursory allegation that she was denied due process for being "unlawfully detained, denied access to basic rights, and [was] prohibited from attending [her] father's funeral" is without merit in either law of fact. (ECF No. 1, p. 4.) The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law."  To allege a deprivation of the Fourteenth Amendment right to substantive due process under § 1983, a plaintiff must show: (1) a deprivation of life, liberty, or property; and (2) behavior by the government that "shocks the conscience" in a constitutional sense.  *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1997)).  "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Id*. (internal quotations omitted). In order to "shock the conscience", the conduct must be so egregious it violates the decencies of civilized conduct.  *Cty. of Sacramento*, 523 U.S. at 846-47.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

The Due Process Clause also "forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090–91 (9th Cir. 2008). To allege a deprivation under a procedural due process theory, a plaintiff must show: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

Though it is not clear from the Complaint whether Plaintiff is raising a substantive or procedural due process claim, (or both), by either criterion, Plaintiff's claim fails as a matter of law. Under a substantive due process theory, Plaintiff has failed to either allege or prove that she suffered a "deprivation of life, liberty, or property" as a result of governmental conduct that shocks the conscience. Under a procedural due process theory, Plaintiff has failed to allege or prove that she was deprived of a liberty or property interest protected by the Constitution by Corporal Ross.

Assuming this claim is directed at her incarceration at the TCJ, pretrial detainee's claim is assessed under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S.Ct. 794, 202 L.Ed.2d 571 (2019); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff was not convicted of a crime, but had only been arrested, his rights derived from due process clause rather than Eighth Amendment's protection against cruel and unusual punishment).

A plaintiff must demonstrate: (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury. *Gordon*, 888 F.3d at 1125.

Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under Section 1983. *Daniels v. Williams,* 474 U.S. 327, 330-32 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347-348 (1986). As the Supreme Court has cautioned, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Jail or detention facility officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018). In the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters. *Id.*

Critically, Section 1983 liability requires individual, personal participation in constitutional violations by each defendant and rejects vicarious or collective liability theories. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (recognizing the municipalities are "persons" under section 1983, and noting "a municipality cannot be held liable under § 1983 on a respondent superior theory"); *Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997) (holding the same); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (municipal liability requires proof of underlying constitutional

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

violation attributed to municipal employee); *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) (Monell violation based on police, practice, or custom requires proof of underlying conduct of employee who violated constitution); *Plumeau v. Yamhill County Sch. Dist. #40*, 907 F. Supp. 1423, 1436 (D. Or. 1995) (articulating three bases for establishing municipal liability, each of which required an employee commit some form of constitutional violation); *Gregory v. City of Newberg*, 2016 U.S. Dist. LEXIS 34500, *7 (D. Or. 2016) (holding the same).

As a preliminary matter, Plaintiff has not identified any intentional decision made by Corporal Ross, or any other Tillamook County employee regarding the conditions she encountered in the TCJ. Second, the undisputed record in this case demonstrates that the conditions at the TCJ were reasonable and created no risk of harm under any reasonable metric to Plaintiff. Or finally that Plaintiff suffered any actual cognizable harm as a result of the conditions at the TCJ.

To the extent Plaintiff is attempting to raise some form of fabrication or suppression of evidence claim under the Due Process clause, this too plainly fails as a matter of fact and law. As to fabrication, in order "[t]o prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). To establish the second element of causation, the plaintiff must show "that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer*, 857 F.3d at 798 (citations omitted). Based upon the body-worn camera footage in this case, which was available to the District Attorney's Office immediately, there is no cognizable argument that Corporal Ross could have fabricated evidence. (Ross Decl., Ex. 2, p. 2-3.)

Page 25 –    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Any Due Process claim based upon allegations of suppression of evidence are extremely limited by the Ninth Circuit and are viable only under the following conditions: "detentions of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks." *Tatum v. Moody*, 768 F.3d 806, 819-820 (9th Cir. 2014) ("If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him. They cannot hide behind the officials whom they have defrauded."). In *Tatum*, the plaintiff had been confined for 27 months as a result of a culpable failure to provide highly exculpatory evidence to prosecutors. *Id*. Plaintiff's three (3) day detention where no evidence (much less "highly exculpatory" evidence) was withheld from the DA's Office fails to meet these requirements.

Accordingly, any Due Process theory Plaintiff intended to purse in this matter is unsupported in either fact or law and should be dismissed with prejudice.

        b        *Equal Protection*.

Equal protection rights are violated when: (1) a person is a member of an identifiable class; (2) that person is intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Discriminatory intent "implies more than intent as volition or intent as awareness of consequences. It implied that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). To prevail on an Equal Protection claim, Plaintiff must establish that Corporal Ross "acted with an intent or

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

purpose to discriminate against [them] based upon membership in a protected class.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001)); *see also Gutierrez v. Municipal Court of the Southeast Judicial District*, 838 F.2d 1031, 1047 (9th Cir. 1988) (purposeful discrimination is an essential element of an equal protection claim. Simply put, a plaintiff must show both discriminatory motive and discriminatory effect to prevail on an equal protection claim. *Cook v. City & Cnty. of San Francisco*, 353 F. App'x 86, 87 (9th Cir. 2009).

As a preliminary matter, Plaintiff has not articulated or identified which class she is an identifiable member of such an Equal Protection claim can even be entertained as a threshold matter. Plaintiff has further not established, nor can she establish, that she was treated differently than those similarly situated. Plaintiff has also not, nor can she, present any evidence to this Court that Corporal Ross's conduct was motivated by animus towards any (unidentified and unknown) protected class. Finally, Plaintiff's Equal Protection claim fails because Plaintiff has failed to articulate "any causal connection between [her class] and the conduct in which [she] claimed the investigators engaged." *Dela Torre v. Cnty. of Fresno*, 177 F. App'x 768, 771 (9th Cir. 2006). Stated differently, Plaintiff has failed to demonstrate, noir can she, that Corporal Ross's investigative conclusions were based upon anything other than a rational and evidence-based determination as to whether probable cause existed for any crime. *Gillis v. City & Cnty. of San Francisco*, 560 F. App'x 665, 668 (9th Cir. 2014) (citing *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2011)).

Accordingly, Defendants are entitled to summary judgment on Plaintiff's Equal Protection claim as a matter of law and the claim should be dismissed with prejudice.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

4.    <u>Plaintiff Has Failed to Establish that Any of Her Constitutional or Federal Rights Were Violated by Malicious Prosecution Nor Has She Established a State Claim for the Same.</u>

First, as explained previously, Plaintiff's Fourth Claim for Malicious Prosecution under Section 1983 contains no reference to any federal or constitutional authority. In order for a federal court to have jurisdiction over a claim, pursuant to 22 U.S.C. § 1331, a plaintiff, at a minimum, must state what federal or constitutional provision applies to a claim to establish the jurisdiction of the federal court. In the context of a claim under Section 1983 for malicious prosecution, Plaintiff must prove: (1) the elements of the state law tort, and (2) with the intent to deprive plaintiff of a constitutional right. *Westwood v. City of Hermiston*, 787 F. Supp.2d 1175, 1205 (D. Or. 2011); *Pusateri v. Klamath Cty. Cmty. Dev.*, No. 1:18-CV-00058-MC, 2018 WL 468300, at *2 (D. Or. Jan. 18, 2018); *Mata-Gonzalez v. Monico*, No. 3:11-cv-00260, 2013 WL 5476952, at *8 (D. Or. Sep. 27, 2013). Plaintiff's Complaint fails in all aspects, including failing to describe what constitutional right she was deprived. Thus, on the face of the Complaint, this claim should be dismissed.

However, and by way of alternative argument, should the Court find that the Complaint is sufficient, the undisputed facts of this matter show Plaintiff's claim fails as a matter for fact and law. First, Plaintiff cannot meet any of the elements of Oregon's tort claim for malicious prosecution under the first prong. To prevail on a state law malicious prosecution claim, Plaintiff must prove: "(1) the institution or continuation of criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause for the proceedings; and (6) injury or damage because of the prosecution." *Rose (Betty) v. Whitbeck*, 277 Or. 791, 795, mod., 278 Or. 463 (1977); *Miller v. Columbia County*, 282 Or. App. 348, 360 (2016).

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Based upon the undisputed facts of this case, this (theoretical) claim fails as to several elements. First, Corporal Ross did not "institute" criminal proceedings. To establish this, Plaintiff must prove that Corporal Ross was "instrumental in putting the law in force." *Rose (Betty)*, 277 Or. at 795; *Gustafson v. Payless Drug Stores*, 269 Or. 354, 363 (1973). "Putting the law in force" means Plaintiff must demonstrate Corporal Ross urged or insisted that another institute criminal proceedings. *Id*. However, one who merely gives information on which a prosecutor makes an independent decision to charge an offense is not liable for instituting the prosecution. *Humbert v. Knutson*, 224 Or. 133, 138-39, 354 P.2d 826 (1960). Furthermore, it is well established that officials are not liable for damages suffered by the arrested person after a district attorney files charges, unless the presumption of independent judgment by the district attorney is rebutted. *Blakenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). Plaintiff bears the burden of producing evidence to rebut the presumption of prosecutorial independence. *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994). Plaintiff has not, nor can she do so in this case.

Second, as addressed fully *supra*, Corporal Ross had probable cause to arrest Plaintiff. The existence of probable cause is a complete defense to these claims. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009) "probable cause is an absolute defense to malicious prosecution"); *Hartley v. State Water Res. Dep't*, 77 Or. App. 517, 520, 713 P.2d 1060 (1986) (holding same). Probable cause is a question of law for the court unless the material facts are in dispute. *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2012); *Dow v. Sears, Roebuck & Co*., 84 Or. App. 664, 679, 734 P.2d 1387 (1987).

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

Finally, there is no evidence that Corporal Ross acted with any intent to deprive Plaintiff of any constitutional right or with any malice toward Plaintiff.

Accordingly, to the extent Plaintiff has sufficiently raised a malicious prosecution claim, it fails as a matter of fact and law and Defendants are entitled to summary judgment on Plaintiff's Fourth Claim for Relief.

     5.    <u>Corporal Ross is Entitled to Qualified Immunity on All of Plaintiff's Section 1983 Claims.</u>

Corporal Ross is entitled to qualified immunity on all of Plaintiff's Section 1983 claims. Qualified immunity shields government officials under Section 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The Court may address the two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Qualified immunity is a question of law, not of fact. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008). Plaintiff bears the burden of proving that qualified immunity should not be granted and to overcome Corporal Ross' assertion of qualified immunity, Plaintiff must show that both prongs are satisfied. *Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1035 (9th Cir. 2018) (quoting *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017)); *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right."

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

*Reichle*, 566 U.S. at 664. This "mean[s] that existing precedent placed the statutory or constitutional question beyond debate.'" *City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 1774 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). This exacting standard "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." (*Id.*)

The Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality. *Kisela*, 138 S. Ct. at 1152; *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). In other words, Plaintiff must point to prior case law that articulates a constitutional rule specific enough to alert these officers in this case that their particular conduct was unlawful in the specific context of the case. *Mullenix*, 577 U.S. at 12; *Sharp v. Cty. of Orange*, 871 F.3d 901, 905 (9th Cir. 2017). To achieve that kind of notice, the prior precedent must be "controlling"— from the Ninth Circuit or Supreme Court—or otherwise be embraced by a "consensus" of courts outside the relevant jurisdiction. *Id.; Wilson v. Layne*, 526 U.S. 603, 617 (1999). Plaintiff bears the burden of showing that the rights allegedly at issue were clearly established. *Shafer*, 868 F.3d 1110, 1118 (9th Cir. 2017).

For all of Plaintiff's claims, to defeat qualified immunity, Plaintiff must show that, given the case law clearly established in August of 2023, a reasonable law enforcement officer, knowing what Corporal Ross knew knew at the time, would have understood that his actions from the determination to arrest Plaintiff, to his use of minimal force while she was resisting, to his probable cause determination for the crimes he ultimately put in his Probable Cause Affidavit, or his lack or any role in charging decisions, was unconstitutional beyond debate. Defendant is not aware of any controlling case law which demonstrates Corporal Ross's particular conduct was clearly

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

established as unconstitutional. *See Ashcroft v. al-Kidd*, 563 U.S. at 741. Rather, based upon the binding and persuasive authority articulated *supra*, his conduct fell squarely *within* the confines of the Fourth and Fourteenth Amendments. Accordingly, Corporal Ross is entitled to qualified immunity on all of Plaintiff's Section 1983 Claims for Relief and they should therefore be dismissed with prejudice.

**B.    Defendants Are Entitled to Summary Judgment on Plaintiff's State Tort Claims.**

     1.    <u>Corporal Ross is an Improper Party for All of Plaintiff's State Law Claims.</u>

Plaintiff brings three state tort claims, malicious prosecution, slander and libel, and intentional infliction of emotional distress, against Corporal Ross (Fourth, Fifth and Sixth Cause of Actions). (ECF No. 1, p. 5). These claims should be dismissed with prejudice as Corporal Ross is not a proper party under the Oregon Tort Claims Act. The Oregon Tort Claims Act mandates that the sole cause of action for a tort committed by a public employee (acting within the scope and course of their employment) is an action against the public body. ORS 30.265(1)-(2). Thus, if Corporal Ross was acting within the scope of his employment or duties for TCSO, he should be dismissed from Plaintiff's state claims. *Demaray v. State, Dept. of Envtl. Quality*, 127 Or. App. 494, 502, 873 P.2d 403 (1994) (when individually named defendants acting at all relevant times within the scope of their employment, claims must be against public body only).

     2.    <u>Plaintiff's Fourth Claim Under State Law for Malicious Prosecution.</u>

For the reasons articulated *supra,* Plaintiff has not, and cannot, establish the elements of a state law claim for malicious prosecution, and this claim thus should be dismissed with prejudice.

     3.    <u>Plaintiff's Fifth Claim for "Slander and Libel" Under State Law.</u>

While Plaintiff's Complaint uses the term "slander and libel," Oregon law recognizes these terms under the umbrella of the tort claim of defamation. (ECF No. 1, p. 5). The tort of defamation redresses injury to reputation. *See, e.g.*, *State v. Mason*, 26 Or. 273, 277–78 (1894). Reputation is

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

defined more precisely as the "community's *perception* of an individual's character." *Shirley v. Freunscht*, 303 Or. 234, 238 (1987) (emphasis in original) (distinguishing character from reputation). To establish a claim of defamation under Oregon law, a plaintiff must show: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm." *National Union Fire Insurance Co. of Pittsburgh Pennsylvania v. Starplex Corp.*, 220 Or. App. 560, 584, *rev den*, 345 Or. 417 (2008); *see also Wallulis v. Dymowski*, 323 Or. 337, 343 (1996). Additionally, "a defamatory statement is a false statement that would subject the plaintiff 'to hatred, contempt or ridicule . . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff].'" *Tubra v. Cooke*, 233 Or. App. 339, 347, *rev den*, 348 Or. 621 (2010), *cert den*, 562 US 1256 (2011) (quoting *Farnsworth v. Hyde*, 266 Or. 236, 238 (1973)). Truth is a complete defense – this is so even if the defendant acts maliciously. *Restatement (Second) of Torts* § 581A (1977).

Under Oregon law, a state executive officer has an absolute privilege to publish defamatory statements in the course of performing their official duties. *Endicott v. Deschutes Cty.*, No. 6:14-CV-1810-MC, 2015 WL 853091, at *2 (D. Or. Feb. 26, 2015) (citing *Shearer v. Lambert*, 274 Or. 449, 454 (1976)). This privilege exists to ensure courageous, independent, and fearless action on the part of public officers. *Shearer*, 274 Or. at 452. This privilege applies to "inferior state officers no matter how low their rank or standing." *Shearer*, 274 Or. at 454; *Chamberlain v. City of Portland*, 184 Or. App. 487, 492 (2002) (privilege applies to sworn city police officers). The privilege is applicable regardless of whether the defamatory statements occurred in the performance of a discretionary or ministerial function. *Chamberlain*, 184 Or. App. at 492. The

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

preparation of a police report is an official duty of a police officer. *Nash v. Lewis*, 365 F. App'x 48, 53 (9th Cir. 2010) (citing *Chamberlain*, 184 Or. App. at 492).

Here, not only would Corporal Ross' statements in his police report and probable cause declaration be subject to absolute privilege, but Plaintiff cannot establish that anything stated was false. Plaintiff's entire defamation claim is based upon the contents of his report and PC Declaration, which relate information he was provided and/or observed personally, as shown on the BWC footage, during the course of his investigation, as well as personal observations or collective knowledge regarding Plaintiff's prior conduct in prior law enforcement contacts.

Even if privilege didn't apply here, there is no material fact demonstrating Corporal Ross knowingly made statements that were untruthful in his police report or his Probable Cause Declaration. Rather, the undisputed evidence of the body camera footage aligns with Corporal Ross' recitation of the information he was provided and personally observed. Additionally, had Corporal Ross' statements been so outlandishly false, the District Attorney's Office would not have moved the matter forward to a trial, nor would a judge have allowed the matter to be given to a jury for a decision to be made.

For all the reasons stated above, Defendants are entitled to summary judgment on Plaintiff's Fifth Claim for Relief.

4.      Plaintiff's Sixth Claim Under State Law for Intentional Infliction of Emotional Distress ("IIED").

In order to state a claim for IIED under Oregon law, Plaintiff must demonstrate that: 1) the Defendants intended to inflict severe mental or emotional distress (or distress was substantially certain to result from defendant's conduct); 2) Defendants' actions in fact caused Plaintiff severe mental or emotional distress; and 3) Defendants' actions constituted an "extraordinary transgression of the bounds of socially tolerable conduct." *Patton v. J.C. Penney Co., Inc.*, 301 Or.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

117, 122 (1986) (quoting *Hall v. May Dept. Stores Co*., 292 Or. 131, 135, 137 (1981)). In other words – the emotional distress suffered must be severe. *Rockhill v. Pollard*, 259 Or. 54, 64 (1971) (distress must be more than mild and transitory). The intensity and duration of the distress are factors in determining its severity. *Checkley v. Boyd*, 170 Or. App. 721, 742–743 (2000).

Proof of this tort often turns on the third element, therefore the trial court plays a "gatekeeper role in evaluating the viability of an IIED claim by assessing the allegedly tortious conduct to determine whether it goes beyond the farthest reaches of socially tolerable behavior[.]" *House v. Hicks*, 218 Or. App. 348, 358 (2008). The conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. Conduct which is merely "rude, boorish, tyrannical, churlish and mean" fails to meet this standard, nor do "insults, harsh or intimidating words, or rude behavior[.]" *Harris v. UBH of Oregon, LLC*, No. 3:17-CV-01296-AA, 2017 WL 4182816, at *2 (D. Or. Sept. 21, 2017) (quoting *Watte v. Edgar Maeyens*, 828 P.2d 479, 481 (Or. Ct. App. 1992)).

Plaintiff's Complaint fails to allege anything more than opinions and conclusions as it relates to Corporal Ross' intent and actions, Plaintiff's alleged distress, and whether Corporal Ross *actually* caused plaintiff's emotional distress. Importantly, the undisputed facts in this case disprove these vague and conclusory allegations. Corporal Ross conducted a routine investigation, effectuated an arrest based upon probable cause, and use reasonable and minimal force on Plaintiff, in accordance with law, policy, and experience, and without bias. Corporal Ross did not demonstrate any animus towards Plaintiff, nor any other conduct which could reasonably be construed as going beyond "socially tolerable behavior." In fact, contrary to what Plaintiff alleges, Corporal Ross repeatedly attempted to diffuse the situation with Plaintiff in attempt to avoid

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

arresting her. Instead, it was Plaintiff who invited Corporal Ross to arrest her multiple times while acting in a confrontational and non-cooperative manner. None of these behaviors of Corporal Ross – all of which are captured on his body-worn camera – show that Corporal Ross acted with the intent to inflict emotional distress on Plaintiff.

Further, there is absolutely no evidence that Plaintiff suffered severe emotional distress as a result of the August 2, 2024 incident with Corporal Ross beyond the mere conclusions she makes in her Complaint. Additionally, there is not any evidence that Plaintiff can point to which shows that either Defendant intended Plaintiff to suffer any emotional distress.

While Plaintiff concludes in her Complaint that Corporal Ross engaged in "extreme and outrageous" conduct as it relates to his use of force, as detailed above, that is absolutely not the case. (ECF No. 1, ¶28). While Plaintiff does not make a claim for the state torts of assault and battery, it could be argued that such behavior is being alleged against Corporal Ross based on the language utilized in her Complaint. Under Oregon law, police officers are privileged to use force in making an arrest. ORS 161.205; ORS 161.233; ORS 161.260; ORS 161.235. *See Gigler v. City of Klamath Falls*, 21 Or App 753, 763, 537 P2d 121 (1975) (finding that a police officer was immune from civil liability for no more than necessary force used during an arrest). A police officer may also use reasonable force in self-defense or defense of others or to prevent escape while making an arrest. *See Saberi v. City of Portland*, No 04-1396-MO, 2006 WL 2707995 (D. Or. Sep 18, 2006) (the court dismissed assault and battery claims against an officer when the officer's force during arrest was reasonable under *Graham*); *Knight v. Durbin*, No. 3:18-CV-01580-BR, 2019 WL 3037046, at *16 (D. Or. July 11, 2019) (court dismissed assault claim when officer's force during arrest was reasonable in order to prevent escape); *Bracken v. Douglas Cnty.*, No. 6:20-CV-02183-AA, 2023 WL 4886971, at *5 (D. Or. Aug. 1, 2023) (privilege protects

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

officers from assault and battery claims where the force was reasonable and necessary to make arrest). Further, a police officer is presumed to act in good faith in determining the amount of force to be used in the context of making an arrest. *Ballard v. City of Albany,* 221 Or. App. 630, 641, 191 P.3d 679 (2008).

Under Ninth Circuit precedent, state law assault and battery claims against law enforcement officers are generally evaluated under the same "objective reasonableness" standard as Fourth Amendment excessive force claims. *See, e.g. Hill v. City of Fountain Valley,* 70 F.4th 507 (2023) (rejection of a Fourth Amendment excessive force claim also precluded related state law claims for assault and battery); *Mehta v. City of Upland,* 748 Fed.Appx. 739 (2018) (affirmed summary judgment on a state battery claim because the officer's use of force was objectively reasonable under the Fourth Amendment.) Consistent with this legal principle, in *Price v. City of Sutherlin,* Chief Judge Aiken held that under Oregon law, a police officer is authorized to use reasonable force to effectuate a seizure without committing assault or battery, and the success of such claims depends on whether the use of force was excessive under the Fourth Amendment. 945 F.Supp.2d 1147 (D. Or. May 9, 2013); *see accord, Ballard v. City of Albany,* 221 Or. App. 630, 640–41 (2008); *Saman v. Robbins,* 173 F.3d 1150, 1157 n. 6 (9th Cir.1999). Accordingly, and for reasons argued *supra,* Plaintiff cannot show that Corporal Ross' use of force was so outrageous and extreme to rise to the level of assault and battery and thus push beyond what is socially tolerable behavior.

For all the reasons above, Plaintiff's Sixth Claim should be dismissed as a matter of law with prejudice.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

**C.     Plaintiff has Failed to Plead Any Evidence to Show Entitlement to Damages.**

    1.    <u>Plaintiff Has Failed to Produce Any Evidence of Compensatory Damages.</u>

*Economic damages* are defined as

> objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less. ORS 31.705(2)(a).

The term *objectively verifiable monetary losses* means "losses that are 'capable of verification through objective facts.'" *State v. Yocum*, 247 Or App 507, 512, 269 P3d 113 (2011), *rev den*, 352 Or 25 (2012) (quoting *DeVaux v. Presby*, 136 Or App 456, 463, 902 P2d 593 1995)).

Plaintiff has failed to provide proof of any economic loss and therefore this claim for damages should be dismissed.

    2.    <u>Plaintiff Fails to State a Claim for Punitive Damages.</u>

    Punitive damages are not available on the state tort claims or against defendant Columbia County on plaintiff's Section 1983 claim and will amend the Complaint to so reflect, as plaintiff must. Pursuant to ORS 30.269(1), no punitive damages are not available on plaintiff's state tort claims. As to plaintiff's Section 1982 claim, municipalities and their entities are immune from punitive damages. *Bryan v. Las Vegas Metro. Police Dep't*, 349 F. App'x 132, 135 (9th Cir. 2009) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)).

    Punitive damages cannot be awarded on claims subject to the Oregon Tort Claims Act or for any claims made against Tillamook County as a matter of law. ORS 30.269(1). *But cf. Kentucky v. Graham*, 473 US 159, 167 n 13, 105 S Ct 3099, 87 L Ed 2d 114 (1985) (noting that punitive

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

damages are permitted under 42 USC § 1983 against officials personally but not against municipalities, because there is no vicarious liability for claims under 42 USC § 1983); *Nelson v. Emerald People's Utility District*, 318 Or 99, 108, 862 P2d 1293 (1993) (federal law regarding punitive damages governs claims under 42 USC § 1983).

In order for Plaintiff's claim of punitive damages as it relates to the individual Section 1983 claims against Corporal Ross, Plaintiff must establish that his conduct was motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Thomas v. City of Portland*, No. CIV.05-1059-ST, 2007 WL 2286254, at *17 (D. Or. Aug. 3, 2007) (citing *Smith v. Wade*, 461 U.S. 30, 47–48 (1983).

Even if Plaintiff had evidence of a constitutional violation, which as discussed previously she does not, not every intentional violation of an individual's constitutional right(s) subjects an individual defendant to punitive damages, rather, Plaintiff must "make a showing beyond the threshold level of intent required for compensatory liability."  *Ngo v. Reno Hilton Resort Corp.*, 140 F3d 1299, 1304 (9th Cir1998), *cert dismissed*, 526 U.S. 1142 (1999).  In order to do so, plaintiff must demonstrate that Sergeant Townsend "almost certainly knew that what [s]he was doing was wrongful and subject to punishment."  *Id*.

The undisputed evidence, as a matter of law, fails to demonstrate that Corporal Ross intentionally violated Plaintiff's constitutional rights, much less that he was certainly aware that what he was doing was wrongful and subject to punishment.  As such, Corporal Ross is entitled to summary judgment on Plaintiff's claim for punitive damages as to any and all Section 1983 claims asserted against him.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

3.    <u>Pro Se Plaintiff Is Not Entitled to Attorney Fees and Costs.</u>

Plaintiff's Complaint seeks "reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988." (ECF No. 1, p. 6.) However, The Supreme Court in *Kay v. Ehrler* held that a pro se litigant, even if they are an attorney, is not entitled to attorney fees pursuant to 42 U.S.C. 1988. 499 U.S. 432 (1991). Similarly, in *Gonzalez v. Kangas*, the Ninth Circuit held that a pro se prisoner who was not an attorney could not obtain attorney fees under § 1988, emphasizing that an attorney-client relationship is a prerequisite for such awards. 814 F.2d 1411 (1987).  Accordingly, Plaintiff's claim for attorney fees and costs must be dismissed.

## V.  CONCLUSION

For the reasons set forth above, Defendants respectfully requests the Court enter an order granting summary judgment in its favor as to all claims and against Plaintiff.

DATED this 14th day of November, 2025

Wood, Smith, Henning & Berman LLP


By:    *s/ Lauren Nweze*
Lauren E. Nweze, OSB No. 145218
*Attorneys for Corporal Chase Ross and Tillamook County*

Page 40 –    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

**PROOF OF SERVICE**
**Jessica Johnson v. Corporal Chase Ross et al.**
**Case No. 3:25-cv-00181-SB**

     I am employed in the County of Washington County, State of Oregon.  I am over the age of eighteen years and not a party to the within action.  My business address is 12755 SW 69th Avenue, Suite 100, Portland, OR 97223.

     On November __, 2025, I served the following document(s) described as **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on November 14, 2025, at Portland, Oregon.

                       *s/ Melanie Webb*
                       Melanie Webb

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax:  971.275.1928

<u>**SERVICE LIST**</u>
<u>**Jessica Johnson v. Corporal Chase Ross et al.**</u>
<u>**Case No. 3:25-cv-00181-SB**</u>

<u>**Plaintiff Pro-Se**</u>
Jessica L. Johnson
3800 12th St., Apt. G254
Tillamook, Oregon 97141
541-921-2650
**jljohnson7913@gmail.com**

40463195.1:12544-0029